*1028 Opinión de conformidad emitida por el
Juez Asociado Se-ñor Rivera García,
a la cual se une el Juez Asociado Señor Feliberti Cintrón.
Ante las expresiones vertidas en la opinión concurrente y disidente me veo precisado a enunciar una opinión para atender los desaciertos de estas.
Como es harto conocido, nuestros dictámenes emitidos mediante sentencia no establecen ni constituyen un prece-dente judicial. Sin embargo, ello no es óbice para ilustrar a la comunidad jurídica sobre lo dispuesto en estas decisiones judiciales cuando sea oportuno. En atención a ello, es impe-rativo hacer constar que en la sentencia avalada por la ma-yoría de este Tribunal citamos el caso Pueblo v. Flores Flores, 181 D.P.R. 225 (2011), a los únicos efectos de distinguir los hechos allí acaecidos de la controversia del caso de autos. Considerando el contexto en el que citamos la referida sen-tencia, resulta desatinado interpretar que la invocamos con aprobación de lo allí señalado.
Así pues, la opinión concurrente y disidente yerra al aseverar que citamos la opinión de conformidad de Flores Flores, supra, con aprobación. Esto para luego identificar lo que, a su juicio, es el valor tutelado por la Ley Núm. 54 de 15 de agosto de 1989 (8 L.P.R.A. sec. 601 et seq.). Al así proceder, los pronunciamientos allí enunciados resultan in-necesarios, ya que no están en controversia o sencilla-mente no han sido planteados en este caso. Ortiz v. Panel F.E.I., 155 D.RR. 219, 252-253 (2001). En vista de lo anterior, las expresiones de la disidencia constituyen un obiter dictum y por ello son irrelevantes, ya que desvirtúan la verdadera controversia presentada ante este Tribunal en aras de adelantar posiciones personales y particulares. Por lo tanto, todas sus expresiones se deben tener por no pues-tas, ya que no constituyen un fundamento jurídico necesa- *1029 rio para la correcta resolución del caso de autos. íd., pág. 253.
Recordemos pues, que escribir una opinión disidente es una tarea que conlleva una gran responsabilidad. Granados v. Rodríguez Estrada V, 127 D.RR. 1, 7 (1990); Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 614 esc. 6 (1989). En relación con esta ardua labor, hemos expresado que los jue-ces de un tribunal estatal de última instancia no deben dar cabida a la censura desmesurada, a la extrema vitupera-ción, a acusaciones de malsanas motivaciones de la opinión mayoritaria e insinuaciones de incompetencia, prejuicio o insensibilidad por parte de los otros jueces del tribunal. íd. “ ‘[L]a opinión de un juez de última instancia debe expresar sus razones y no sus opiniones particulares’ ”. Granados v. Rodríguez Estrada V, supra, pág. 7.
Es por ello que, el respeto, la deferencia y el cuidado con el cual se confecciona una opinión disidente nunca deben ceder ante posturas personales, como tampoco a ataques a la buena función de este Foro. Pantoja Oquendo v. Mun. de San Juan, 182 D.P.R. 101 (2011). Así, hemos señalado que “escribir una opinión disidente conlleva un grado mayor de celo y cuidado”, porque “la voz disidente de todo foro cole-giado enriquece a plenitud el jardín del quehacer jurídico”, íd., págs. 16 y 17.
Hoy confrontamos una opinión concurrente y disidente que no reconoce las circunstancias particulares del recurso que nos ocupa, las cuales son muy distintas de la contro-versia que fue planteada en Flores Flores. A insistencia de la búsqueda personal de un motivo para reabrir una con-troversia ya resuelta por este Tribunal, se desvirtúa la con-troversia actual y se formulan interrogantes que no guar-dan relación con la sana resolución del caso de autos.
Reiteramos que distinguimos los hechos del presente caso de aquellos acaecidos en Flores Flores para orientar a la comunidad jurídica con respecto al derecho aplicable en esta ocasión. Por consiguiente, al no ser pertinente a la *1030 controversia que hoy adjudicamos, es improcedente abrir nuevamente la discusión sostenida en Flores Flores.
Ahora bien, debemos hacer hincapié que los pronuncia-mientos vertidos por los miembros de este Tribunal consti-tuyen expresiones judiciales que pueden servir a los propó-sitos de auxiliar en la formulación de resoluciones futuras, y ello lejos de ser impropio, como se aduce, es jurídica-mente conveniente y necesario. Claro está, lo anterior será así siempre que nos encontremos frente a controversias que lo ameriten y cuando ello sea pertinente para la co-rrecta resolución de estas. Es de esta forma que se evita la divagación del derecho al traer argumentos y discusiones que son ajenas a la controversia planteada.
Asimismo, en aras de fomentar un debate democrático y formativo, tanto en la Academia como en el resto de la comunidad jurídica, este Tribunal no puede hacerse de la vista larga e ignorar controversias previas y recientes. Más aun, cuando estas inciden de alguna forma sobre los cuer-pos legales que permean las polémicas que nos atañen actualmente. Sin embargo, ello lo debe hacer, como mencio-náramos antes, circunscribiéndose a los hechos y al derecho aplicable en cada caso. Entendemos, así, que al momento de resolver una controversia, es más que razonable avizo-rar ponencias anteriores y proveer las razones por las cua-les disponemos hoy de determinada manera, “sin sacar fuera de perspectiva el asunto planteado ni insuflándole dimensiones que no tiene”. (Enfasis suplido.)(1) Desenten-demos de nuestra historia adjudicativa al ocuparnos de los hechos del presente, es un síntoma de miopía judicial que sencillamente no estamos dispuestos a avalar.
Nuevamente enfrentamos la lamentable situación de que mediante el uso de palabras retóricas se intenta des-merecer los pronunciamientos fundamentados estricta-mente en la aplicación del derecho. Al así proceder, la disi- *1031 dencia induce a confusión sobre cuáles son los verdaderos méritos de la controversia en discusión. No ponemos en tela de juicio el inmensurable valor de lo que constituye una opinión disidente; solamente esperamos que esta sea honesta intelectualmente. No cabe más pedir. Aparte de ello, colegimos con aquellos señalamientos sobre la impor-tancia de una opinión disidente cuando esta cumple con estos criterios, pues están en armonía con lo apuntalado en el caso Pantoja Oquendo v. Mun. de San Juan, supra. Así pues, me remito a las expresiones siguientes vertidas desde el primer día que asumí el cargo de Juez Asociado de este Tribunal:

Como sabemos, Puerto Rico experimenta una diversidad de problemas sociales y económicos que inciden de forma dramá-tica en todas las instituciones sociales y sobre los cimientos éticos. En consecuencia, observamos una sociedad cada vez más litigiosa en todos los ámbitos de la vida y, por ende, ma-yores desafíos al sistema judicial. A luz de esta realidad, estaré ávido a escuchar con rigor y detenimiento las posturas de los miembros de este Foro colegiado. Así también[,] exigiré ser es-cuchado en los procesos deliberativos ante nuestra consideración. De este modo, propiciaré que en la dinámica del foro colegiado se fortalezca el entendimiento y la razón. Me integro a este Tribunal con ánimo de alcanzar la armonía en nuestros pronunciamientos judiciales, apoyado en la fortaleza de los fundamentos jurídicos, la justicia y la equidad. Acorde con lo enunciado en el proceso deliberativo de esta Curia, es preciso que haya diferencias de criterios y posturas en la inter-pretación del Derecho. Esta diversidad es saludable y necesa-ria en la búsqueda de la justicia y la verdad.

Estamos contestes que en toda discusión y análisis de con-troversias debe permear el respeto a la diversidad de opiniones y el fortalecimiento de los principios que rigen la Democracia. Es decir, el respeto a los pronunciamientos judiciales que sean avalados por la mayoría y aquellos que tenemos la responsabi-lidad de pautar el derecho. Es preciso recordar que vivimos tiempos de cambio y haciendo eco de expresiones del reconocido jurista, el Juez Benjamín Cardozo: “la causa y el fin del dere-cho es promover el bienestar social”.

Dicho lo anterior, debo además\,] apuntalar que en respeto a nuestra responsabilidad constitucional, cuando nuestra con-ciencia así lo dicte, ejerceremos el derecho de disentir con la *1032 mayor deferencia que se merece cada uno de mis compañeros y compañeras y nuestra propia institución. Siempre será dentro de un escenario de diálogo y respeto intelectual y personal. (En-fasis suplido.)(2)
De una lectura objetiva e imparcial de los pronuncia-mientos citados, solo se puede colegir la importancia que reviste la disidencia en nuestro foro colegiado. El recelo jamás debe nublar el entendimiento y la inteligencia de aquellos que tenemos la delicada responsabilidad de im-partir justicia. Lo anterior tiene un solo significado: avalar y respetar con vehemencia las diferencias de juicio, la diversidad de posturas filosóficas y el criterio de que el juez sea hacedor de la ley, negando sus propios impulsos para seguir la verdad. Conforme a ello, siempre defenderemos y custodiaremos la deferencia y el respeto que se merece la voz disidente. Ahora bien, igual respeto exigimos en el ejer-cicio del derecho de expresarnos en nuestro foro colegiado.
Es por esto que, celebramos la disidencia como uno de los grandes beneficios nacidos de la libertad y del respeto a la dignidad humana.(3) Así también, creemos firmemente en los principios democráticos que enaltecen el quehacer jurídico de nuestro Tribunal. Sin embargo, reiteramos que las expresiones que enaltecen esta faena son aquellas que no inducen a error y tienen como norte la sana resolución de las controversias que las partes traen ante nos.
“La decisión de las causas siempre debe entrañar la eva-luación de materiales jurídicos y metajurídicos utilizados como medio para alcanzar el resultado a que se llega.”(4) Sin embargo, no es menos cierto que, el buen juzgador, conoce de su “extraordinario poder ... en la formación del derecho” y también sabe que
*1033 ... tal condición no es licencia para insertar en el cuerpo jurí-dico sus preferencias personales, que las dificultades inheren-tes a la tarea de impartirles contenido a las reglas y las pro-venientes de las limitaciones de todo juez en la evaluación de los efectos sociales que pueda causar tal o cual solución al problema ante él o ella aconsejan modestia y prudencia en la emisión de sus juicios ....(5)
La objetividad no exige el abandono del criterio de vida de un juez, aunque ésta difiera de los conceptos que albergue la mayoría en un momento dado.(6)
Estamos en pleno acuerdo con las expresiones del Juez Trías Monge de que “[d] entro del crisol de un buen tribunal colegiado se espera que el arrojo de algunos sea templado por la cautela de otros. La divergencia de criterios dentro de un tribunal debe celebrarse”.(7)
Vale la pena acentuar, además, que hoy se ve como ene-migo a cualquiera que insinúe siquiera remotamente que algo pueda ser más verdad que su contrario. No estamos de acuerdo con esta apreciación. Esto, porque esta lógica desa-fía el principio de no contradicción. La mayoría, al igual que la minoría, no puede pretender ni atribuirse que sus ideas son la verdad absoluta sin pasar por el crisol del debate democrático.
Asimismo, estamos contestes que la Democracia no es una mera palabra para ser invocada a conveniencia. La Democracia no deriva de que nada es verdad o mentira, sino del respeto a la dignidad humana y el valor participative que adiciona cada integrante. Por ello, el verdadero compromiso con la justicia y los principios democráticos, en un foro colegiado, implica también respetar el criterio de cada uno de sus miembros y el uso de un razonamiento guiado por argumentos bien fundamentados en derecho, según sean pertinentes a cada controversia.
*1034 En consecuencia, no podemos renunciar a los estánda-res mínimos de respeto, honestidad intelectual y de razo-namiento jurídico, menos aun cuando formamos parte de un foro judicial de última instancia. Aspiramos, pues, no a la “homogenización de los pensamientos”, sino a la discu-sión profunda y seria que debe imperar a la hora de resolver las controversias que día a día se nos presentan.

 Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 616 (1989), opinión con-currente y de conformidad de la Juez Asociada Señora Naveira de Rodón.

 Mensaje del Juez Asociado Rivera García en la Ceremonia de Juramentación, 179 D.P.R. XIX (2010).

 Véase, Reseña, L.B. Solum, The Value of Dissent, 86 Cornell L. Rev. 879, 880 (2000) (reseñando a S.H. Shiffrin, Dissent Injustice, and the Meanings of America (1999)).

 J. Trias Monge, Teoría de Adjudicación, San Juan, Ed. U.P.R., 2000, pág. 405.

 Trías Monge, op. cit., pág. 403.

 íd., pág. 403.

 íd., pág. 405.